**SO ORDERED.**

**SIGNED this 2 day of October, 2015.**



*Austin E. Carter*
**Austin E. Carter
United States Bankruptcy Judge**

## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF GEORGIA

| | |
|---|---|
| IN RE:<br>Michael K Wright<br>PO Box 1208<br>Perry, GA  31069<br>SS#    XXX-XX-9322 | CHAPTER 13<br><br>CASE NO. 15-51563-AEC |

### ORDER CONFIRMING PLAN AWARDING ATTORNEY FEES

The debtor's plan having been transmitted to all creditors; and

It having been determined, after hearing on notice, that the debtor's plan, or plan as amended, complies with Chapter 13 of the Bankruptcy Code, 11 U.S.C. §1325, and with other applicable provisions of this title of the United States Code as shown by Exhibit "A" attached hereto;  and

The Chapter 13 Trustee having recommended that the debtor's plan to be confirmed; it is

**ORDERED** that the debtor's plan, or plan as amended, which plan is attached hereto as Exhibit "A" and incorporated herein by reference, is confirmed, and the debtor is further ordered to comply with the terms of this plan and to maintain in force all insurance required by any of his contractual agreements; and it is further

**ORDERED** that an award of $2,300.00 is made to LISA RENEE WILLIAMS as interim compensation in this case pursuant to §331 of the Bankruptcy Code for the attorney services rendered in this case. The trustee is directed to pay any unpaid balance as an administrative expense; and it is further

**ORDERED** that all pending motions to dismiss filed by the Chapter 13 trustee are hereby withdrawn, unless a separate order has been entered resolving the motion.

END OF DOCUMENT

Prepared by:

Camille Hope, Trustee
P.O. Box 954
Macon GA 31202
Telephone (478) 742-8706

## TRUSTEE'S REPORT

RE:  
Michael K Wright  
PO Box 1208  
Perry, GA  31069

Case No. 15-51563-AEC

1. Debtor's Net Income:        3,383.73      Deb 1:    DIRECT PAY  
   Spouse's Net Income:         476.60       Deb 2:

   Debtor proposes to make payments into the plan as follows:

   | Which Debtor | Payment Amt. | Frequency | Start Date |
   |---|---|---|---|
   | Debtor 1 | 474.00 | MONTHLY | 8/9/2015 |

   until the plan is completed

2. From the payments so received, the trustee shall make disbursements as follows:

   (a) The trustee percentage fee as set by the United States Trustee.

   (b) The monthly payments will be made on the following long-term debts: (Payments which become due after the filing of the petition but before the month of the first payment designated here will be added to the pre-petition arrearage claim.)

   (c) Pre-confirmation adequate protection payments will be made to the following secured creditors and holders of executory contracts after the filing of a proof of claim by the creditor. These payments will be applied to reduce the principal of the claim.

   | NAME OF CREDITOR | ADEQUATE PROTECTION PAYMENT AMOUNT |
   |---|---|
   | ALLY FINANCIAL | $50.00 |

   (d) The following claims are not subject to cram down because debts are secured by a purchase money security interest in a vehicle for which the debt was incurred within 910 days of filing the bankruptcy petition, or, if the collateral for the debt is any other thing of value, the debt was incurred within 1 year of filing: *See § 1325(a)*

   (e) After confirmation of the plan, the secured creditors with allowed claims will be paid as follows:

   | NAME OF CREDITOR | AMOUNT DUE | VALUE | INTEREST RATE | COLLATERAL | MONTHLY PAYMENT |
   |---|---|---|---|---|---|
   | GEORGIA DEPARTMENT OF REVE | 170.46 | Debt | 6.00 | Tax Lien | Pro Rata |
   | ALLY FINANCIAL | 14,513.98 | $15,000.00 | 6.00 | 09 Jeep Wrangler | $300.00 |

(f) *Attorney fees ordered pursuant to 11 U.S.C. § 507(a)(2) of $2,300.00 to be paid as follows:

Pursuant to the Current Administrative Order on Attorney Fee Awards

(g) After the above are paid, distributions will be made to cure arrearages and other secured debts whose claims are duly proven and allowed as follows:

(h) The following collateral is surrendered to the creditor:

| NAME OF CREDITOR | COLLATERAL |
|---|---|
| GREEN TREE SERVICING LLC | Mobile Home |
| Capital One | 06 Jet Ski - 2 |

(i) The following domestic support obligations will be paid over the life of the plan as follows: (These payments will be made simultaneously with payment of the secured debt to the extent funds are available and will include interest at the rate of ___%. (If this is left blank, no interest will be paid.)

(j) The following unsecured claims are classified to be paid at 100%. These payments will be made simultaneously with payment of the secured debt:

(k) All other 11 U.S.C. § 507 priority claims, unless already listed under 2(g), will be paid in full over the life of the plan as funds become available in the order specified by law.

(l) The debtor will be the disbursing agent on the following debts:

(m) Special provisions (As stated on the plan or agreed to):

Titles to all vehicles shall be released to the debtor(s) with all liens canceled upon completion of the Chapter 13 Plan

(n) Debtor will make payments that will meet all of the following parameters (these are not cumulative, debtor will pay the highest of the three)

(i) Debtor will pay all of his disposable income as shown on Form B22C of $___ to the non priority unsecured creditors in order to be eligible for a discharge.

(ii) If the debtor filed a Chapter 7 case, the priority and other unsecured creditors would receive $5,000.00. Debtor will pay this amount to the priority and other unsecured creditors in order to be eligible for discharge in this case.

(iii) The debtor will pay $ to the general unsecured creditors to be distributed prorata.

(o) General unsecured creditors whose claims are duly proven and allowed will be paid  (choose one only)

   (a) __%__ dividend as long as this dividend exceeds the highest amount, if any, shown in paragraph  (n)(i), (n)(ii) or  (n)(iii), and the debtor pays in at least 36 monthly payments to be eligible for discharge .

   (b) the debtor will make payments for __ months and anticipates a dividend of __, but will also exceed the highest amount shown in paragraph (n)(i), (n)(ii), or (n)(iii) above.

(p) Unless otherwise ordered by the court, all property of the estate, whether in the possession of the trustee or the debtor, remains property of the estate subject to the court's jurisdiction, notwithstanding § 1327 (b), except as otherwise provided in paragraph (m) above.  Property of the estate not paid to the trustee shall remain in the possession of the debtor .  All property in the possession and control of the debtor at the time of confirmation shall be insured by the debtor .  The chapter 13 Trustee will not and is not required to insure such property and has no liability for injury to any person, damage or loss to any such property in possession and control of the debtor or other property affected by property in possession and control of the debtor .

(q) Notwithstanding the proposed treatment or classification of any claim in the plan confirmed in this case, all lien avoidance actions or litigation involving the validity of liens, or preference action will be reserved and can be pursued after confirmation of the plan .  Successful lien avoidance or preference actions will be grounds for modification of the plan .

If the debtor proposes to pay less than 100% to the unsecured creditors, the debtor will pay 36 monthly payments before becoming eligible for a discharge.  If the case has an applicable commitment period of 60 months, the debtor will pay a minimum of 57 months unless another term is stated in special provisions before becoming eligible for a discharge .

EXHIBIT "A"                                                                                                    /s/ Camille Hope

                                                                                                          Office of the Chapter 13 Trustee